# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| TYLER CHEETHAM,<br><br>    Plaintiff,<br><br>vs.<br><br>ROSS SWANSON, JANET COX, and MICHELLE STEYH,<br><br>    Defendants. | Cause No. CV 08-58-H-RKS<br><br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

Plaintiff Tyler Cheetham filed this civil rights action pursuant to

42 U.S.C. § 1983 alleging Defendants violated his Eighth and

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - CV-08-058-H-RKS / PAGE 1

Fourteenth Amendment rights when they conspired to hold him beyond his proper release date from prison. The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Pursuant to 28 U.S.C. § 636(c), Fed.R.Civ.P. 73, D. Mont. L.R. 73, and the written consent of the parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. (Court Doc. 22).

Pending is Defendants' Motion for Summary Judgment (Court Doc. 33) which argues that Mr. Cheetham's claims are barred by the applicable statute of limitations and Defendants are entitled to qualified immunity. The statute of limitations bars Mr. Cheetham's claims. Therefore, Defendants' Motion will be granted and this matter dismissed.

## I. STANDARD

A party is entitled to summary judgment if they can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ.

P. 56(c). That is, where the documentary evidence permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis of its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, it believes demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Where the moving party has met its initial burden with a properly supported motion, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. The non-moving party may do this by use of affidavits (including his own), depositions, answers to interrogatories, and admissions. *Anderson*, 477 U.S. at 248. Only disputes over facts that might affect the outcome of the suit under the governing law are "material" and will properly preclude entry of summary judgment. *Anderson*, 477 U.S. at 248.

At the summary judgment stage, the judge's function is not to weigh the evidence or determine the truth of the matter, but to determine whether there is a genuine issue for trial. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson,* 477 U.S. at 249-50.

> The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict.

*Anderson,* 477 U.S. at 252.

## II.   STATEMENT OF THE CASE

### A.   Parties

Mr. Cheetham was an incarcerated state prisoner proceeding without counsel at the time he filed his complaint on August 25, 2008. Mr. Cheetham has since been released from custody and is represented by counsel.

The named Defendants are Ross Swanson, Janet Cox, and Michelle Steyh.

### B. Undisputed Facts

On January 4, 1995, the Flathead County Attorney charged Mr. Cheetham by way of Information in Flathead County Cause No. DC-95-004(B), with felony Burglary, committed on November 20, 1994. (Court Doc. 35-2: Exhibit A). On March 9, 1995, the Flathead County Attorney charged Mr. Cheetham by way of Amended Information in Flathead County Cause No. DC-95-051(A), with felony Criminal Possession of Dangerous Drugs, committed on December 15, 1994 and felony Theft, committed on November 20, 1994. (Court Doc. 35-2: Exhibit B).

On June 16, 1995, the Eleventh Judicial District Court sentenced Mr. Cheetham, after pleas of guilty to the offenses of Criminal Possession of Dangerous Drugs and felony Theft as charged in the Amended Information in Flathead County Cause No. DC-95-051(A). The Court sentenced Mr. Cheetham on Count I to the Montana State Prison (herein, "MSP") for a term of five (5) years and in Count II, to the Montana State Prison for a term of ten (10) years. The court ordered the sentences to run concurrently with each other, and suspended five

years of the sentence.  The Court further granted Mr. Cheetham pre-sentence jail time credit of 183 days.  (Court Doc. 35-2:  Exhibit C).  Mr. Cheetham's Judgment and Sentence was labeled with two cause numbers in the heading, referring to both Cause Nos. DC-95-051(A) and DC-95-004(B).  (Court Doc. 35-2: Exhibit C).

On June 28, 1995, Mr. Cheetham was transferred from the Flathead County jail to Montana State Prison.  He ultimately discharged the unsuspended portion of his sentence on December 8, 1997.  (Court Doc. 35-2: Exhibit D; Court Doc. 35-3:  Exhibit E).

On June 24, 1998, the Flathead County Attorney filed a petition for revocation of suspended sentence in Cause Nos. DC-95-051(A) and DC-95-004(B).  (Court Doc. 35-3: Exhibit F).  On August 27, 1998, the Eleventh Judicial District Court found that Mr. Cheetham had violated the terms of his suspended sentence and sentenced Mr. Cheetham to five years at MSP.  The Court issued its Findings and Order on September 4, 1998 in Cause No. DC-95-004(B).  (Court Doc. 35-3, p. 8: Exhibit G).  On September 17, 1998, the Court issued an Order

dismissing the Petition for Revocation in Cause No. DC-95-051(A). (Court Doc. 35-3, p. 10: Exhibit H).

Mr. Cheetham returned to MSP on September 24, 1998. He remained incarcerated until he was transferred to Butte Prerelease Center on December 21, 2000.  (Court Doc. 35-2, pp. 10-12: Exhibit D; Court Doc. 35-3, p. 12:  Exhibit J).  Janet Cox, the manager of the MSP Records Department calculated Mr. Cheetham's prison discharge date to be March 1, 2001.  (Court Doc. 35-3, p. 11: Exhibit I).

On August 8, 2000, Judge Katherine Curtis, 11th Judicial District Court judge, issued an Order Re: Pre-Sentence Incarceration in Flathead County Cause No. DC-95-004(B).  The Court ordered the Montana Department of Corrections "to calculate appropriate good time credit and reduce [Mr. Cheetham's] sentence to the same extent that he would have been credited for good time had those 183 days been served in a state correctional facility."  (Court Doc. 35-3, p. 13: Exhibit K).

On September 13, 2000, Mr. Cheetham sent a letter to the MSP Records Department, advising that he had jail time credit which, if granted, would put him past his discharge date. (Court Doc. 35-4, p. 1:

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - CV-08-058-H-RKS / PAGE 7

Exhibit L). On September 17, 2000, Ms. Cox completed a Pre-Sentence Good Time form for Mr. Cheetham in Cause No. DC-95-004(B). On that form she indicated there was no sentence imposed in Cause No. DC-95-004(B) and there was no jail time credit given in the 1998 judgment. Therefore, she determined that Mr. Cheetham was not entitled to any good time credit in Cause No. DC-95-004(B). (Court Doc. 35-4, p. 4: Exhibit M).

On September 26, 2000, Ms. Cox received a letter from Mr. Cheetham in which Mr. Cheetham questioned her decision that he was not entitled to jail time good time credit and asked her to re-calculate his sentence. He advised her that if given the good time credit, he was past his prison discharge date. Ms. Cox responded on the same date, advising him that there was nothing she could do. (Court Doc. 35-4, pp. 5-6: Exhibits N and O).

On November 3, 2000, Ms. Cox received another letter from Mr. Cheetham, in which he informed her that the Cause No. 95-004(B) was "in the 95 sentence." He asked for credit for 183 days time served and to calculate his dates properly. He also advised that he did not want to

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - CV-08-058-H-RKS / PAGE 8

file a lawsuit.  Ms. Cox responded on November 6, 2000, explaining he would not get jail time credit because the initial judgment of June 16, 1995 in Cause No. 95-004(B) did not impose a sentence for Burglary and the 1998 judgment in Cause No. DC-95-004(B) did not grant any jail time credit.  (Court Doc. 35-4, p. 8: Exhibit P).

Mr. Cheetham fully discharged the unsuspended sentence in Cause No. DC-95-004(B) on March 1, 2001.  At that time, he began to serve the probationary sentence in Flathead County Cause No. DC-98-139(A).  (Court Doc. 35-1: Cox Affidavit, ¶ 21).

Mr. Cheetham's Complaint alleged Defendants miscalculated his discharge date and conspired together to incarcerate him 183 days beyond his discharge date.  It appears from the parties' briefings that Mr. Cheetham is actually complaining that he was not given good time credit for the 183 days served in the Flathead County Detention Center.

## III.  ANALYSIS

Defendants argue Mr. Cheetham's claims are barred by the applicable statute of limitations and that Defendants are entitled to

qualified immunity. This matter will be dismissed for failure to file within the applicable statute of limitations.

Section 1983 does not contain its own limitations period. *See Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994). Rather, the appropriate period is that of the forum state's statute of limitations for personal injury torts. *See Wilson v. Garcia*, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (later overruled only as to claims brought under the Securities Exchange Act of 1934, not applicable here). In the event the state has multiple statutes of limitations for different torts, federal courts considering claims brought pursuant to § 1983 borrow the general or residual statute for personal injury actions. *See Silva v. Crain*, 169 F.3d 608, 610 (9th Cir. 1999) citing *Owens v. Okure*, 488 U.S. 235, 250, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). In Montana, the statute of limitations for general and personal injury tort actions is three years. *Mont. Code. Ann.* § 27-2-204(1).

Mr. Cheetham's argument that the two-year statute of limitations set forth in Mont. Code Ann. § 27-2-204 applies to this case is unavailing. In § 1983 actions, the statute of limitations is not found by

analogizing the underlying claims with a state cause of action's specific statute of limitations, as Mr. Cheetham suggests should be done in this case.  The *Wilson* case "expressly rejected the practice of drawing narrow analogies between § 1983 claims and state causes of action." *Owens*, 488 U.S. at 248.  The three-year general personal injury statute of limitations applies in this § 1983 case.

     The issue then becomes when Mr. Cheetham's cause of action accrued.  Mr. Cheetham argues it was only upon the deposition of Janet Cox that he "could have understood how the good time calculation was developed."  (Court Doc. 39, p. 3).  Mr. Cheetham argues that because Ms. Cox never explained how she calculated his sentence and good time, he had no ability to understand what had actually occurred in the calculations until Ms. Cox gave her deposition in September 2010. (Court Doc. 39, p. 4).

     Defendants contend Mr. Cheetham's claim accrued when Judge Curtis issued her Order on August 8, 2000, when Ms. Cox denied relief requested on November 6, 2000, or at the latest, on March 1, 2001 when Mr. Cheetham fully discharged his sentence imposed in DC-95-004(B).

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - CV-08-058-H-RKS / PAGE 11

As all of these events occurred prior to August 22, 2005, Defendants contend the claims are barred by the statute of limitations.

Although the statute of limitations applicable to § 1983 claims is borrowed from state law, federal law continues to govern when a § 1983 claim accrues.  *Wallace v. Kato*, 549 U.S. 384, 388, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007); *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999); *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001).  Under federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action."  *TwoRivers*, 174 F.3d at 991; *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996).  "Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages.  The cause of action accrues even though the full extent of the injury is not then known or predictable."  *Wallace*, 549 U.S. at 391; *see also Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004) ("Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action .").

Mr. Cheetham did not need to fully understand Ms. Cox's reasoning in order for his claims to accrue. The undisputed evidence demonstrates that Mr. Cheetham believed he should have been released earlier than scheduled in November 2000 when he filed his requests with the records department. On September 13, 2000, the MSP records department received a request from Mr. Cheetham asking that good time credit be applied to his sentence. (Court. Doc. 35-4, p. 1). On September 17, 2000, Ms. Cox completed and sent Mr. Cheetham a copy of a "Pre-Sentence Good Time" form indicating he was not going to be given credit for any time on DC-95-004(B) since there was no sentence in the 1995 judgment and no jail time given in the 1998 judgment. (Court Doc. 35-4, p. 4).

On or about September 26, 2000, Mr. Cheetham sent a second note to Ms. Cox indicating he was currently serving his 95-004 sentence and again asking for his good time credit. (Court Doc. 35-4, p. 5). Ms. Cox again responded on September 26, 2000 with the following: "There was <u>NO</u> sentence on this cause number in 1995 and the Judgment of 8-

27-98 did not give jail time.  There is nothing I can do."  (Court Doc. 35-4, p. 6).

On November 3, 2000, Mr. Cheetham sent a one-page note to Ms. Cox explaining his situation and demanding his release, stating "I don't want any lawsuits" and "I don't want to have to file any lawsuits so will you please just figure my dates properly."  (Court Doc. 35-4, p. 7).

Based upon these documents, there is no genuine issue of material fact that Mr. Cheetham knew of the injury (the failure of MSP to release him) at the latest in early 2001, over seven years prior to the filing of his lawsuit.  Therefore, Mr. Cheetham's claims are barred by the statute of limitations.  Defendants' Motion for Summary Judgment will be granted, and this matter dismissed with prejudice.

## IV.  "STRIKE" UNDER 28 U.S.C. § 1915(G)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim.  28 U.S.C. § 1915(g).  The failure to file within the applicable statute of limitations constitutes a

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - CV-08-058-H-RKS / PAGE 14

failure to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 920-921, 166 L.Ed.2d 798 (2007).

Moreover, Mr. Cheetham alleged in his Complaint that he had documentary proof that Ms. Cox informed him the 183 days of good time would come off the end of his total accumulated sentence computations. (Court Doc. 2-1, p. 3, ¶ 13). Although the statute of limitations issue was obvious on the face of the Complaint, this assertion raised a concern regarding possible tolling and the case was served upon Defendants.

The evidence presented by Defendants demonstrates that although Mr. Cheetham had several later convictions, as of March 1, 2001 he had discharged the sentence at issue and was released from custody. Therefore, it defies reason that Ms. Cox would inform Mr. Cheetham that the 183 days would come off at the end of his "accumulated sentences" when as of March 1, 2001, he presumably had no other sentences.

This case will be designated as a strike.

## V. CERTIFICATION REGARDING APPEAL

The Federal Rules of Appellate Procedure provide as follows:

> A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  The good faith standard is an objective one.  *See* *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous."  *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445).  For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

The finding that Mr. Cheetham failed to file within the applicable statute of limitations is so clear no reasonable person could suppose an appeal would have merit.  Therefore, this Court will certify that any appeal of this matter would not be taken in good faith.

Accordingly, the Court issues the following:

## ORDER

1.  Defendants' Motion for Summary Judgment (Court Doc. 33) is granted and this matter is dismissed with prejudice for failure to file within the applicable statute of limitations.

2.  The Clerk of Court is directed to close this matter and enter judgment in favor of Defendants pursuant to [Rule 58 of the Federal Rules of Civil Procedure](#).

3.  The Clerk of Court is directed to have the docket reflect that this dismissal counts as a strike pursuant to [28 U.S.C. § 1915(g)](#) based upon Mr. Cheetham's failure to file within the applicable statute of limitations.

4.  The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to [Rule 24(a)(3)(A) of the Federal Rules of

Appellate Procedure that any appeal of this decision would not be taken in good faith.  Mr. Cheetham's failure to file within the applicable statute of limitations is so clear no reasonable person could suppose an appeal would have merit.

 DATED this 16th day of December, 2010.


          /s/ Keith Strong
          Keith Strong
          United States Magistrate Judge